**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FRANK HARRISON and** | § | |
| **FRANK WELCH** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **CAUSE NO. 1:10CV587 LG-RHW** |
| | § | |
| **McDONALD'S MGMT. CO., ET AL.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO TRANSFER VENUE

BEFORE THE COURT is the Motion [8] of the Defendants McDonald's Management Company, Theodore Bertuca and Merced Rodriguez to Dismiss or Transfer for Improper Venue. The Plaintiffs have responded, and the Defendants have replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that venue is not properly fixed in this district. Accordingly, the case will be transferred to the United States District Court for the Middle District of Tennessee.

### DISCUSSION

The Plaintiffs allege they are self-employed decorator fabric salesmen residing in Jackson County, Mississippi. They allege that during a trip to Nashville, Tennessee, they stopped at a McDonald's restaurant. On the way in, Harrison tripped and fell on a handicap ramp, sustaining injuries to his hand. In addition to damages for Harrison's pain and suffering, both Harrison and Welch allege damages from lost income due to Harrison's inability to work. They filed this suit asserting claims of negligence regarding the maintenance of the ramp, the hiring, training and supervision

of employees, and negligent and intentional infliction of emotional distress.

Plaintiffs allege in their Complaint that venue is proper in the Southern District of Mississippi because it is "the judicial district in which a substantial part of property that is the subject of the action is situated."  Compl. 1 (¶8).  The Defendants seek dismissal or transfer of this suit pursuant to 28 U.S.C. § 1406(a), arguing that venue is improper in the Southern District of Mississippi, because no Defendant resides here, nor did the accident occur here.  The Plaintiffs do not address the venue issue, but argue that they have brought suit under the ADA, and therefore this Court has federal question jurisdiction.

The general venue statute at issue is 28 U.S.C. § 1391.  Plaintiffs allege both federal question and diversity jurisdiction in their Complaint.  Section 1391 provides that venue in a federal question case is proper,

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Venue in a diversity case is proper under almost identical circumstances.  28 U.S.C. § 1391(a).

The Plaintiffs allege that all Defendants reside in Nashville, Tennessee, which is within the Middle District of Tennessee, Nashville Division.  28 U.S.C. § 123(b).  Thus, Plaintiffs cannot show that the first option of § 1391(a) or (b) is satisfied.

It is uncontested that the accident that forms the basis of this lawsuit occurred

in Nashville, Tennessee. There is no allegation that any property that is the subject of this action is situated in the Southern District of Mississippi. The subject of this lawsuit is an event, not property. Federal courts within this circuit have consistently held that the situs of the accident is the location of proper venue, not where the plaintiff receives medical treatment, or where damages or adverse economic effects are suffered, including lost wages. *See e.g., Owen v. Avis Rent-A-Car Sys. LLC*, No. 07-1565, 2008 WL 5539486, at *2 (W.D. La. July 11, 2008) (finding venue proper in district where accident occurred, not where plaintiff received medical treatment); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (rejecting argument that the district where damages are incurred establishes venue under § 1391); *Institute for Creation Research Graduate Sch. v. Paredes*, No. 3:09-CV-0693, 2009 WL 4333366, at *3 (N.D. Tex. Dec.1, 2009); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) ("[T]he fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omission occurred in that district."). Thus, the Plaintiffs cannot show that the second option of § 1391(a) or (b) is satisfied.

Finally, there is a district in which the action may otherwise be brought - the Middle District of Tennessee - making it irrelevant whether a defendant may be found or could be subject to personal jurisdiction in the Southern District of Mississippi. Plaintiffs do not allege there is such a defendant in any event. Thus, the Plaintiffs cannot show that the third option of § 1391(a) or (b) is satisfied.

The Court finds that venue is improper in the Southern District of Mississippi

under § 1391(a) and (b), as the accident giving rise to the Plaintiffs' claims did not occur in this district.

Having determined that venue is not properly fixed in this district under § 1391, the Court must either dismiss the case or transfer it to a proper venue in the interest of justice. *See* 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). District courts have broad discretion when deciding whether to transfer a case. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). Rather than requiring the Plaintiffs "to undergo what the Supreme Court termed 'time-consuming and justice-defeating technicalities,' such as the procedure of dismissal of this complaint and refiling of this lawsuit," the Court finds that it is in the interest of justice to transfer this matter to the Middle District of Tennessee, Nashville Division, where the action could have been brought initially. *Waldron v. Freightliner Corp.*, No. 96-2530, 1996 WL 737005, at *2 (E.D. La. Dec. 19, 1996) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467(1962)).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [8] to Transfer Venue Under 28 U.S.C. § 1406(a) is **GRANTED**. This matter is hereby transferred to the United States District Court for the Middle District of Tennessee, Nashville Division.

**SO ORDERED AND ADJUDGED** this the 24th day of May, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-4-